IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mary Jane Foster,   Case No. 3:20-cv-01857-JGC

        Plaintiff,

    v.   **ORDER**

Commissioner of Social Security,

        Defendant.

This is an appeal from the denial of Social Security benefits. The Honorable Magistrate Judge Darrell A. Clay has issued a Report and Recommendation, recommending that I deny the claimant's Request for Review and uphold the Commissioner of Social Security's decision denying benefits. (Doc. 18). Plaintiff Mary Jane Foster has filed an objection. (Doc. 19).

For the following reasons, I overrule plaintiff's objection and I approve and adopt Magistrate Judge Clay's Report and Recommendation.

**Discussion**

Plaintiff Mary Jane Foster, has stated four objections to the Report and Recommendation, arguing that the ALJ failed: 1) to address her boyfriend's Third-Party Function Report; 2) to consider her mental health physician, Dr. Kelly Sprout's opinion; 3) to consider her need to use a cane; and 4) to question the Vocational Expert ("VE") regarding whether there was any conflict between his opinions and the Dictionary of Occupational Titles ("DOT"). Foster's objections are unavailing.

    1. **Failure to Address Third-Party Function Report**

Foster argues that the ALJ committed reversible error in failing to address her boyfriend, Donald M. Graham's, Third-Party Function Report. Foster concedes that an ALJ's failure to address such a report is harmless error when the report is consistent with the claimant's own testimony. (Doc. 19, pgID 1362-

63) (citing *King v. Berryhill*, No. 3:17-CV-125-DCP, 2018 WL 6438969, at *7 (E.D. Tenn.); *see also Weaver v. Comm'r of Soc. Sec.*, No. 3:13-cv-713, 2015 WL 64873, at *10 (E.D. Tenn.) ("The Commissioner is correct in explaining that testimony of lay witnesses need not be explicitly addressed when it is repetitive of the plaintiff's assertions.").

Nevertheless, Foster contends that well-settled precedent does not apply here because the ALJ did not address her testimony. (Doc. 19, pgID 1263-64). Her argument's premise is not accurate.

As Magistrate Judge Clay correctly found, Graham's Third-Party Function Report was duplicative of Foster's own testimony. (Doc. 18, pgID 1252-53). The ALJ summarized Foster's medical records, (Doc. 12, pgID 89-91), and concluded that the state agency physician's opinion was "persuasive" because "it is consistent with the medical records as a whole." (*Id.*, pgID 92). In contrast, he concluded that "the claimant's statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely consistent with the medical evidence . . . for the reasons explained in this decision." (*Id.*). Because the ALJ found Foster's testimony regarding her symptoms and limitations not credible, he necessarily also found Graham's similar testimony also not credible. *See Brewer v. Astrue*, No. 4:11-CV-00081, 2012 WL 262632, at *10 (N.D. Ohio) (White, M.J.) ("to the extent the ALJ determined the claimant's "testimony concerning his disabling pain and physical limitations to be untenable when contrasted with his reported daily activities and the relevant medical evidence, he necessarily found [his sibling's] supporting testimony similarly not credible.").

Accordingly, Foster's objection regarding Graham fails.

### 2. Dr. Sprout's Opinion

Dr. Sprout submitted a Mental Impairment Questionnaire dated May 16, 2019. (Doc. 12, pgID 73-74). Foster argues that the ALJ erred in not considering it. She speculates that it may have been submitted before the ALJ issued his decision because it bears a fax header dated May 17, 2019. (Doc. 19, pgID 1263). That speculation has no evidentiary value.

First there is no evidence that the May 17 fax header showed Dr. Sprout faxed the questionnaire to the ALJ rather than to her counsel.

Second, the record plainly reflects that counsel submitted Dr. Sprout's questionnaire at the Appeals Council level. The Appeals Counsel stated in its decision:

> We receive [sic] additional evidence that you show is new, material and relates to the period on or before the date of the hearing decision. You must also show there is a reasonable probability that the additional evidence would change the outcome of the decision." You must show good cause for why you missed informing us about or submitting it earlier.

(Doc. 12, pgID 67-68).

Thus, the questionnaire was not part of the record before the ALJ, and Foster's argument that she failed to consider it is meritless.

### 3. The Need for a Cane

Foster contends that the ALJ erred by not including her requirement for a cane in his statement of her residual functional capacity ("RFC"). She asserts that she presented sufficient evidence to establish her need for a cane. This argument lacks merit.

Under SSR 96-9p, 1996 WL 374185, at *7:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

Foster's claim that she established her medical necessity for using a cane rests on a single notation from a 2016 occupational therapy session in which the therapist noted: "[p]atient requires the use of a single point cane when in pain and is restricted to walking one block due to pain in her low back and bilateral lower extremities." (Doc. 12, pgId 1116). That statement, however, does not satisfy the regulatory requirement.

First, it is not at all clear that Foster's physical therapist opined that Foster used the cane as a medical necessity rather than merely repeating the information Foster told her regarding when she chose to use a cane. *See Stewart v. Comm'r of Soc. Sec.*, 811 F. App'x 349, 353 (6th Cir. 2020) (doctor's examination note stating "[t]he patient uses a cane for ambulation" did not show that claimant had a medical necessity for using a cane).

Second, the therapist's note does not adequately "describe the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR-96-9p, *supra*, 1996 WL 374185, at *7. The description that Foster used a cane "when in pain" also fails to meet the standard. *Id.*

Moreover, Foster testified to the ALJ that she only used a cane sometimes when she was "going to be walking a lot or standing a lot or if she "kn[ew] that [she was] going to be out all day, or something like that." (Doc. 12, pgID 108-09). She stated that she did not take her cane to doctor's appointments when she "just kn[ew] [she was] going to go in and sit down, be there for five or ten minutes and leave." (*Id.*, pgID 109). She also told the ALJ that she could walk the length of a football field, could stand for ten minutes and could sit for thirty minutes. (*Id.*, pgID 106).

To require that an ALJ include a cane in a claimant's RFC, a claimant must establish through medical evidence that a cane is a medical necessity. *Carreon v. Massanari,* 51 F. App'x 571, 575 (6th Cir. 2002). "If a cane is not a necessary device, it cannot be considered a restriction or limitation on a claimant's ability to work." *Stewart, supra*, 811 F. App'x at 353.

Thus, the single mention of a cane in Foster's medical records does not establish medical necessity because it does not provide the information the regulation requires to do so. *See Jones v. Comm'r of Soc. Sec.*, 815 F. App'x 926, 931 (6th Cir. 2020) ("Even if the single mention of the cane was 'medical documentation establishing the need for a hand-held assistive device,' a single notation of "cane" cannot possibly provide "the circumstances for which [the assistive device] is needed.").

The ALJ was not required to address Foster's cane use based on such obviously inadequate evidence of medical necessity. Even if his failure to address the issue were considered error, it would be harmless because the record cannot meet the regulatory requirement for including cane use in her RFC.

### 4. Consistency with the DOT

Foster argues that the ALJ erred in failing to ask the VE whether his testimony was consistent with the DOT. She is correct that the ALJ failed to comply with SSR 00-4p, 2017 WL 1196519, when she failed to ask that question.

4

However, a failure to question a VE as to that issue is subject to harmless error review. *Waulk v. Comm'r of Soc. Sec.*, No. 2:15-CV-2982, 2016 WL 7438718, at *3 (S.D. Ohio). "[W]here the Plaintiff fails to demonstrate an actual conflict, courts have consistently held that an ALJ's failure to comply with SSR 00–4p's inquiry requirement constitutes harmless error." *Joyce v. Comm'r of Soc. Sec.*, 662 F. App'x 430, 436 (6th Cir. 2016); *Kerr v. Comm'r of Soc. Sec.*, No. 2:13–CV–457, 2014 WL 4243771, at *3 (S.D. Ohio) (collecting cases). This is because "[a]n ALJ's failure to inquire about a nonexistent conflict is necessarily harmless." *Joyce, supra*, 662 F. App'x at 436. And, it is the claimant's burden to show that such a conflict exists. *Kerr, supra*, 2014 WL 4243771, at *3 ("[W]here the Plaintiff fails to demonstrate an actual conflict, courts have consistently held that an ALJ's failure to comply with SSR 00–4p's inquiry requirement constitutes harmless error.) (collecting cases).

Neither at the hearing before the ALJ nor in her briefs here has Foster identified an actual conflict between the VE's testimony and the DOT. At the hearing, Foster's counsel asked the VE whether Foster could perform the light work positions the VE had identified for her if she required use of a cane. (Doc. 12, pgID 125). The VE responded that a person who uses a cane to walk "probably could" perform the positions she had identified but a person who needed a cane even to stand could not. (*Id.*).

Foster has not identified record evidence showing that she had a medical necessity to use a cane for standing up. Moreover, as, stated above, Foster herself testified that she could walk the length of a football field and could stand for ten minutes. (*Id.*, pgID 106). She did not say that she needed a cane to do so.

Foster also testified that she did not bring her cane for short doctor appointments and that she used it only when she knew she was "going to be walking a lot or standing a lot or if she "kn[ew] that [she was] going to be out all day, or something like that." (Doc. 12, pgID 108-09). Thus, there is no record evidence to show that the VE's testimony was inconsistent with the DOT.

Moreover, Foster's counsel, himself, failed to question the VE at the hearing regarding whether his testimony was inconsistent with the DOT, despite having the opportunity to do so. Nor did he argue at the hearing that the VE's testimony was inconsistent with the DOT.

5

> . . . Plaintiff's counsel is responsible for uncovering any conflicts between the DOT and the VE's testimony on cross examination. *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009). If the "attorney had the opportunity, but failed to cross-examine the vocational expert regarding her position that her testimony was consistent with ... the [DOT] ... [then] the [VE's] testimony constitute[s] substantial evidence." *Louden v. Comm'r of Soc. Sec.*, 507 F. App'x 497, 499 (6th Cir. 2012). An ALJ is not required to make a finding to resolve a conflict that the claimant's attorney failed to raise. *Martin*, 170 F. App'x at 374.

*Dragani v. Comm'r of Soc. Sec.*, No. 2:19-CV-463, 2020 WL 1270096, at *4 (S.D. Ohio).

Thus, even if there had been such a conflict, Foster has waived any argument based on it.

**Conclusion**

Accordingly, for the foregoing reasons,

It is hereby

ORDERED THAT:

1) Plaintiff's objection to the Report and Recommendation, (Doc. 19) be, and the same hereby is, overruled;

2) The Report and Recommendation, (Doc. 18), be, and the same hereby is, approved and adopted;

3) Plaintiff's request for review, (Doc. 1), be, and the same hereby is, denied with prejudice; and

4) The Clerk of Court shall mark this matter closed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge